————, for appellant.

Drane, for appellees.

———

OWENSBORO SAVINGS BANK v. ROBERT ATWOOD & BANK OF LOUIS-
VILLE.

**Pledges—Bank Stock—Statutory Lien—Release or Waiver.**
> Where a bank has a statutory lien on shares of stock, before another bank to which the stock is pledged can subject the stock to its debts, it must prove the release or waiver of the statutory lien by the other bank.

**Principal and Surety—Subrogation of Surety.**
> Where sureties are compelled to pay their principal's debts, the sureties are entitled to have the claims and liens held by the creditor transferred to them.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 15, 1874.

OPINION BY JUDGE LINDSAY:

After a careful consideration of the testimony in this cause, it seems to this court that there is an irreconcilable contradiction between the statements of Hunter, upon the one side and of Morgan and Tilden upon the other, as to what transpired between these parties when Hunter called at the Bank of Louisville to ascertain whether or not that institution held a lien under its charter upon the stock of Atwood, and if so whether or not it would release it.

That Hunter understood the matter as he details it, we do not doubt. He not only testifies in a straightforward manner, but

his statements are consistent with his action at the time. He did not leave the money to Atwood upon the pledge of the stock, until he had taken steps to ascertain whether or not it was encumbered; and we cannot escape the conclusion that when he did leave it, he understood from what transpired when he enquired at the proper place, and of the proper persons, that the security accepted was free from any claims upon the part of the Bank of Louisville. Still we are met with the difficulty that two other persons, equally creditable, and as disinterested as he is, swear without equivocation, that they not only informed Hunter of the existence of their charter lien, and of the fact that Atwood was then indebted to the Bank, but that they refused to waive or release the lien. Hunter says that they refused to release it in writing, but offered to transfer the stock upon the books, and did verbally waive or release any claim to the lien; but Tilden says that when Hunter asked if the bank would release its lien, I told him we would not, and again upon cross-examination, that he told Mrs. Hunter that there was no use in having a lien if we released it upon the application of stockholders, and that we would not release it. Morgan, the cashier, is equally positive as to what transpired, and agrees in every essential particular with Tilden. The fact that Tilden and Morgan were answering what was probably not an unusual enquiry, and that Hunter was engaged in a special undertaking outside of his ordinary duties as a banker, is entitled to much weight, as tending to the conviction that the recollection of Hunter is likely to be more accurate and distinct than that of either Tilden or Morgan. Notwithstanding this, however, we cannot say, in this case, that statements should have been allowed to control.

The Bank of Louisville holds its lien, under and by virtue of law. The indebtedness of Atwood to that bank at the time he pledged the stock to the Bank of Owensboro, is proved beyond all cavil. Appellant seeks to subject the stock to the payment of its debt, notwithstanding the indebtedness of Atwood to appellee, and the existence of its statutory lien. To do this it recognizes the necessity of establishing the surrender or waiver by the bank of Louisville of its lien. The burden of proof is upon the complainant to establish this release or waiver. We are constrained to decide that it has failed to make out its case in this particular.

Considering the provisions of the original charter of the Bank of Louisville in connection with the amendment of 1868, we are of

opinion that its lien upon the stock of an indebted stockholder is intended to operate as an ultimate security, one that ordinarily cannot be looked to until all other securities are exhausted; but do not perceive that this conclusion operates to the advantage of appellant.

It appears that Atwood, the debtor to the two banks, is insolvent and in bankruptcy. Now if the debts due to appellee are secured by personal security, and these sureties are compelled to pay off their debts, they will by law be entitled to the benefit of all liens held by the bank, and in a contest with appellant will be preferred. This is not a case in which one creditor has claims upon two funds, and another upon one of them. Atwood's sureties are entitled to the same consideration in equity as is appellant. If they are compelled to pay his debts to the Bank of Louisville, they will be entitled to have them, and all liens held by the bank transferred to them. Under such a state of case the chancellor will not require appellee to coerce the payment of its debts out of the sureties, and thereby compel them to litigate with the Bank of Owensboro to enforce their rights. It is clear the stock will not satisfy such of appellees' claims against Atwood as were in existence when it was pledged to appellant. It was, therefore, proper that it should proceed at once to enforce its lien, it being manifest that it will ultimately have to look to the sureties for a considerable balance.

Regarding the action of the chancellor as consistent with the equities of the parties his judgment is affirmed.

————, for appellant.

————, for appellee.